IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:03CR418 |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | MEMORANDUM AND ORDER |
| JESUS OLIVAS, | ) ) ) | |
| Defendant. | ) | |

This matter is before the court on initial review of the defendant, Jesus Olivas's, "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a person in Federal Custody" (§ 2255) (Filing No. 97), and Olivas's Motion for Discovery (Filing No. 98).

Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

After a jury trial, Olivas was found guilty of Count I of the Indictment charging him with conspiracy to distribute and possession with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine in violation of 21 U.S.C. § 846. Olivas filed a direct appeal arguing that the evidence was insufficient to convict him, and that the district court committed error in calculating the drug quantity and finding that Olivas obstructed justice. The Eighth Circuit affirmed Olivas's conviction and sentence. (Filing No. 91). In his § 2255 motion Olivas raises four issues: (1) ineffective assistance of

counsel based on his counsel's failure to seek admission to the United States for the District of Nebraska pro hac vice; (2) ineffective assistance of counsel based on his counsel's conflict of interest; (3) ineffective assistance of counsel based on his counsel's failure to call Olivas to testify in his own defense; and (4) that the drug quantity and weight of the evidence was insufficient to support a finding of guilt.

## DISCUSSION

**Claims One, Two and Three - Ineffective Assistance of Counsel**

To establish ineffective assistance of counsel, defendant must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). The performance prong requires a movant to establish that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id.* at 687.

In Olivas's first claim he argues that he received ineffective assistance of counsel because his counsel, Felix Garcia, failed to seek admission to the United States for the District of Nebraska pro hac vice. However, the court's records clearly show that Garcia, applied for, and was admitted to, the United States for the District of Nebraska pro hac vice on November 27, 2003. (Filing No. 12). Therefore, it appears plainly from the face of the § 2255 motion and the record that Olivas is not entitled to relief with respect to this claim. The claim is denied.

In his second claim, Olivas argues that his counsel was ineffective because he was operating under a conflict of interest. Specifically, Olivas claims that Garcia had a conflict

2

of interest because Garcia was convicted of drug crimes similar in nature to the charges against Olivas. Olivas attached as Exhibit B to his § 2255 motion a letter stating that Garcia was charged and convicted of conspiring to distribute and possess more than five kilograms of cocaine in violation of 21 U.S.C. §§ 841 (a)(1), (b)(1)(A)(ii) and 846, and 18 U.S.C. § 2.

However, to overcome the constitutional threshold outlined in *Strickland* defendant must establish that his counsel "actively represented conflicting interests." *Cuyler v. Sullivan*, 446 U.S. 335, 350 (1980). If Olivas is unable to demonstrate an actual conflict of interest under *Cuyler*, he may alternatively establish that his attorney (1) had a potential conflict of interest which (2) actually prejudiced the defense. *See United States v. Acty*, 77 F.3d 1054, 1057 n. 3 (8th Cir. 1996) (citing *Strickland*, 466 U.S. at 694). In order to support the second prong of this test, defendant must show that the errors committed by counsel were so serious that defendant was deprived of a fair trial or a reliable result. *Strickland*, 466 U.S. at 687-89.

Garcia's arrest and conviction on wholly unrelated drug charges does not establish that he was "actively representing conflicting interests." Furthermore, Olivas has also failed to point to how Garcia's arrest and conviction on drug charges unrelated to this case detrimentally affected Garcia's representation of Olivas and prejudiced the outcome of his trial. Therefore, it appears plainly from the face of the § 2255 motion and the record that Olivas is not entitled to relief with respect to this claim. The claim is denied.

In his third claim, Olivas argues that he received ineffective assistance of counsel based on his counsel's failure to call Olivas to testify in his own defense. The United States shall respond to Olivas's third claim by filing an Answer. In addition to any other issues

raised in the Answer, the United States shall address whether this claim is barred by procedural default, waiver, or untimeliness.

**Claim Four - Insufficiency of Evidence**

In his final claim Olivas argues that the drug quantity and weight of the evidence was insufficient to support a finding of guilt. Olivas raised this issue in his appeal to the Eighth Circuit, and the issue was fully considered and decided against him. Issues raised and decided on direct appeal cannot ordinarily be relitigated in a collateral proceeding based on 28 U.S.C. § 2255 . See *United States v. McGee*, 201 F.3d 1022, 1023 (8th Cir. 2000). Therefore, it appears plainly from the face of the § 2255 motion and the record that Olivas is not entitled to relief with respect to this claim. This claim is denied.

**Motion for Discovery**

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rule 6(a) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* states that "[a] judge may, for good cause, authorize a party to conduct discovery." At this stage in the proceedings, Olivas has not established that there is good cause for conducting discovery. If, after the government files its Answer, the court determines an evidentiary hearing is necessary to resolve the remaining issue, Olivas may reassert his motion for discovery at that time.

IT IS ORDERED:

1. The Court has completed the Initial Review of the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No. 97);

2. Upon initial review, the Court summarily dismisses the Defendant's First, Second and Fourth claims raised in his § 2255 motion;

3. On or before, December 8, 2006, the United States shall file an Answer to the defendant's Third Claim in the § 2255 motion and support its Answer with a brief;

4. On or before, January 5, 2007, the defendant may file a responsive brief addressing only the Third Claim;

4. The motion for discovery (Filing No. 98) is denied subject to reassertion if the court determines an evidentiary hearing is necessary; and

5. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 21st day of November, 2006.

BY THE COURT:

S/Laurie Smith Camp
United States District Judge