IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:03CR418 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| JESUS OLIVAS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the defendant, Jesus Olivas's, "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a person in Federal Custody" (§ 2255) (Filing No. 97.)

**FACTUAL BACKGROUND**

A jury found Olivas guilty of Count I of the Indictment charging him with conspiracy to distribute and possession with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine in violation of 21 U.S.C. § 846. (Filing No. 37.) Olivas was sentenced to 360 months imprisonment followed by five years supervised release. (Filing No. 79.) Olivas filed a direct appeal arguing that the evidence was insufficient to convict him, and that this Court erred in calculating the drug quantity and finding that Olivas obstructed justice. The Eighth Circuit affirmed Olivas's conviction and sentence. (Filing No. 91.)

In his § 2255 motion, Olivas raises four issues: 1) ineffective assistance of counsel based on his counsel's failure to seek admission to the United States for the District of Nebraska pro hac vice; 2) ineffective assistance of counsel based on his counsel's conflict of interest; 3) ineffective assistance of counsel based on his counsel's failure to call Olivas to testify in his own defense; and 4) that the drug quantity and weight of the evidence was

insufficient to support a finding of guilt.  On initial review of Olivas's § 2255, this Court summarily dismissed his first, second and fourth claims and ordered the government to answer his third claim.  After reviewing the parties' submissions, the court will dismiss Olivas's § 2255 motion for the reasons discussed below.

## DISCUSSION

Olivas's remaining argument in his § 2255 motion "is that he was denied effective assistance of counsel when he was denied by counsel his Sixth Amendment right to testify on his own behalf."  (Filing No. 97.)  Olivas argues that had he been allowed to testify, he would have told "the jury his side of the case, the entire truth of the case, [and] there would have been no way that the fact finder could have or would have found him guilty."  (Filing No. 97.)  The government counters that defense counsel was not ineffective because Olivas waived his right to testify on his own behalf, and even if the court found defense counsel to be ineffective, Olivas was not prejudiced by his counsel's decision not to call Olivas to testify.

A motion to vacate, set aside, or correct a sentence may be based upon the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255.

Ineffective assistance of counsel claims are analyzed under the framework described in *Strickland v. Washington*, 466 U.S. 668 (1984).  In other words, Olivas has the burden of proving: 1) deficient performance on behalf of counsel, demonstrated by his attorney's performance "below the minimum standards of professional competence"; and

2) prejudice, by showing a "reasonable probability that the result of the proceedings would have been different" had his attorney performed "competently."  *Alaniz v. United States*, 351 F.3d 365, 367 (8th Cir. 2003) (citing *Strickland*, 466 U.S. at 690).  Moreover, Olivas must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Strickland*, 487 U.S. at 689.

In *Rock v. Arkansas*, 483 U.S. 44 (1987), the Supreme Court explicitly confirmed that criminal defendants have a constitutional right to testify on their own behalf.  *Id.* at 49.  Because the right to testify is a fundamental constitutional guarantee, only the defendant is empowered to waive the right.  See *Jones v. Barnes*, 463 U.S. 745, 751 (1983) ("the accused has the ultimate authority to make certain fundamental decisions regarding the case, as to whether to . . . testify in his or her own behalf").  Moreover, the defendant's waiver of his right to testify should be made knowingly and voluntarily.  *United States v. Bernloehr*, 833 F.2d 749, 752 (8th Cir. 1987)*.*  The Eighth Circuit has acknowledged, however,  that a "defendant may not . . . indicate at trial his apparent acquiescence in his counsel's advice that he not testify, and then later claim that his will to testify was 'overcome.' " *Id.*

Olivas argues that his statements at the sentencing hearing establish "that he had a strong desire to testify in this matter and was prejudiced by counsel's denial of this constitutional right."  To support his argument, Olivas relies on the following exchange:

    Q.    Did you testify in this trial?  This trial occurred back in February of
          2004.  Did you testify in that trial?
    A.    No.
    Q.    Did you ask your attorney if you could testify in the trial?
    A.    Yes.
    Q.    What did you tell your attorney?

3

> A. That I was going to testify.
> Q. And what was his response?
> A. That, all right, that he was going to put me on to testify.
> Q. Well, then why didn't you testify?
> A. Because at the last minute when the lady judge asked my attorney as to whether I was going to testify, the attorney told her that I was not. And that all happened very quickly for me and I didn't have enough time to say that I was going to testify.

(Filing No. 85, Sentencing Tr. at 270-71.)

The trial record, however, does not support Olivas's description of events given at the sentencing hearing. Prior to the end of trial and in front of Olivas, the Court inquired if Olivas had decided whether or not he would testify. (Filing No. 57, Trial Tr. at 186.) Defense counsel, Felix Garcia, stated that "[w]e're leaning in the direction of not testifying, your Honor, at this point. We're not 100 percent certain." *Id.* The government then called its last witness and once the jury left the courtroom the court again asked defense counsel whether or not Olivas was planning to testify. *Id.* at 196. Defense counsel stated that "I have discussed the issue of my client testifying in this matter and the potential consequences of that. And I have decided, along with Mr. Olivas, not to testify." *Id.* Olivas was present during this discussion and made no objection to defense counsel's statement. *Id.* A recess was taken at 11:05 a.m., and the parties reconvened at 1:22 p.m. *Id.* at 200. At no time did Olivas inform the court that he wished to testify. And contrary to what Olivas said at sentencing and argues in his brief, the record shows that Olivas had ample time and opportunity to inform the Court if he truly wished to testify in his own behalf. There was a break before the Court's first inquiry regarding whether Olivas wished to testify and Garcia's final response to the Court's two inquiries. Furthermore, after Garcia informed the Court that Olivas did not wish to testify, a mid-day break of more than two hours allowed

Olivas ample time to express his discontent with what he now alleges was his attorney's decision. Here, as in *Bernloehr*, Olivas cannot indicate at trial his apparent acquiescence in his counsel's advice that he not testify on his own behalf only to later contend that he was somehow prevented from testifying. Accordingly, based on the record, Olivas has not established that his counsel's performance fell below the minimum standard of professional competence.

Furthermore, the Court is not persuaded that Olivas is able to establish any prejudice based on his counsel's alleged failure to call him to testify at trial.

## CONCLUSION

Because Olivas has failed to establish either *Strickland* prong, Olivas's reamaining § 2255 claim arguing ineffective assistance of counsel is denied.

IT IS ORDERED:

1. The Defendant's 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Filing No. 97) is denied;

2. A separate Judgment will be entered; and

3. The Clerk of Court is directed to send a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 26th day of April, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

5